## Borough of Butler's Appeal.

When gas furnished by a gas company becomes a dangerous and offensive nuisance, by reason of defective pipes, a municipality has power to prohibit its continuance; and an injunction restraining its officers from abating the nuisance should be dissolved.

(Decided November 2, 1885.)

Appeal from a decree of the Common Pleas of Butler County, in equity, refusing to dissolve an injunction. Reversed.

The Butler Gas Company, duly incorporated, became in-

NOTE.—It matters not whether the nuisance was installed by permission of the corporate authorities. Such consent may be revoked. Cumberland County v. Vale, 18 Pa. Super. Ct. 501. But the question as to whether a certain condition constitutes a nuisance, where not such *per se*, should be first judicially determined, and in the meantime the municipality should be restrained from interfering. Easton S. E. & W. E. Pass. R. Co. v. Easton, 133 Pa. 521, 19 Am. St. Rep. 658, 19 Atl. 486; Conestoga & B. S. Valley Turnp. Road Co. v. Lancaster, 151 Pa. 549, 24 Atl. 1092; New Castle v. Raney, 130 Pa. 546, 6 L. R. A. 737, 25 W. N. C. 246, 18 Atl. 1066.

As to liability for negligence in the escape and explosion of gas, including legislative and municipal control, see editorial note to Ohio Gas Fuel Co v. Andrews, 29 L. R. A. 337, presenting the authorities on that subject.

solvent, and its franchises were sold by the United States marshal and purchased by the Mutual Gas Fuel Company, a newly incorporated company. Pipes had been previously laid by the Butler Gas Company through the streets of the borough of Butler, and connected with houses, without license from the borough authorities. The use of such pipes was continued by the Mutual Gas Fuel Company, who also laid additional pipes to supply the increased demand. The pipes became leaky, and the gas escaping from them was dangerous to the lives and health of the inhabitants of the town; and citizens, on affidavits setting forth these facts, applied for an injunction restraining the gas company from introducing gas into the borough; which injunction was refused. The town council then gave notice that they had directed the high constable to break connection between the gas well and the distributing pipes, where they entered the town. On application of the gas company an injunction was granted restraining the proposed action of the borough authorities. The application of the borough authorities to dissolve the injunction was denied, and they brought this appeal.

*Lev. McQuistion* and *C. Walker* for appellants.

*R. P. Scott* and *Thompson & Son* for appellees.

. Per Curiam:

We think the learned judge erred in refusing to dissolve this preliminary injunction. If the final hearing shall establish, what appears now to be presumptively shown, that there is a dangerous and offensive nuisance in the public streets of said borough, the municipality has power to prohibit its continuance.

Preliminary decree reversed and injunction dissolved, at the costs of the appellees.